IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| PAUL SAPORITI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 2017 _____ |
| vs. ) | |
| ) | |
| SMITH ECOLOGICAL SYSTEMS, CO. ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, PAUL SAPORITI, by and through his attorney, DANIEL J. McGRAIL, brings this action against SMITH ECOLOGICAL SYSTEMS, CO., and states as follows:

### JURISDICTION AND VENUE

1. The claims set forth in this action are brought pursuant to the Fair Labor Standards Act (FLSA), *29 USCS 201, et seq., 29 USCS §216(b), 29 USCS §260, 29 CFR §778.106 and 5 CFR §551.501*.

2. This Court has jurisdiction pursuant to *29 USCS 216(b)*.

3. The acts alleged were committed in the City of Rockford, State of Illinois, and venue is proper in the United States District Court for the Northern District of Illinois, Western Division.

### PARTIES

4. The Plaintiff, PAUL SAPORITI, is a citizen of the United States and a resident of the State of Illinois.

5. At all relevant times, PAUL SAPORITI was a non-exempt employee of SMITH ECOLOGICAL SYSTEMS, CO., as defined by the Fair Labor Standards Act, *29 USCS 203(e)(1)*.

6. Defendant, SMITH ECOLOGICAL SYSTEMS, CO., is a corporation authorized to do business in the State of Illinois.

7. Defendant, SMITH ECOLOGICAL SYSTEMS, CO., is an employer for purposes of this action as defined by the Fair Labor Standards Act, *29 USCS 203(d)*.

## FACTS

8. On or about September 2014, SMITH ECOLOGICAL SYSTEMS, CO., offered PAUL SAPORITI a full-time position to be paid at an hourly rate, which he accepted.

9. PAUL SAPORITI's duties primarily (approximately 75%) involved responding to service calls, related repair work and installing new equipment purchased by customers.

10. PAUL SAPORITI's additional responsibilities (approximately 25%) included providing quotes or bids on the sale and installation of equipment.

11. PAUL SAPORITI did not supervise any employees and was not in an executive or administrative capacity with respect to his duties with SMITH ECOLOGICAL SYSTEMS, CO.

12. PAUL SAPORITI was compensated at an hourly rate.

13. PAUL SAPORITI regularly worked more than 40 hours in a workweek

14. PAUL SAPORITI did not receive any compensation for hours worked in excess of forty (40) in a work week throughout his employment with SMITH ECOLOGICAL SYSTEMS, CO.

15. PAUL SAPORITI was terminated on January 26, 2017.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATION

1-15. PAUL SAPORITI realleges and incorporates by reference paragraphs 1-15 above as paragraphs 1-15 of Count I.

16. Defendant's failure to compensate Plaintiff for the time he worked in excess of forty (40) hours in a seven day work week is a violation of the Fair Labor Standards Act;

17. Defendant's failure to compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) during a seven day work week is a violation of the Fair Labor Standards Act.

WHEREFORE, the Plaintiff respectfully requests this Court to:

a. Enter a declaratory judgment, finding and declaring that the defendants violated the Fair Labor Standards Act;

b.  Award Plaintiff all unpaid wages and overtime wages and an additional equal amount as liquidated damages; and

c.  Award Plaintiff attorney's fees and costs.

## COUNT II
## FAIR LABOR STANDARDS ACT VIOLATION
## WILLFUL AND WANTON

1-17. PAUL SAPORITI realleges and incorporates by reference paragraphs 1-17 of Count I as paragraphs 1-17 of Count II.

18.  Defendant's failure to compensate Plaintiff for the time he worked in excess of forty (40) hours in a seven day work week was a willful violation of the Fair Labor Standards Act;

19.  Defendant's failure to compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) during a seven day work week was a willful violation of the Fair Labor Standards Act.

WHEREFORE, the Plaintiff respectfully requests this Court to:

d.  Enter a declaratory judgment, finding and declaring that the defendant willfully violated the Fair Labor Standards Act;

e.  Award Plaintiff all unpaid wages and overtime wages and an additional equal amount as liquidated damages; and

f.  Award Plaintiff his attorney's fees and costs.

PAUL SAPORITI, Plaintiff,

_____
DANIEL J. McGRAIL, Plaintiff's Attorney

DANIEL J. McGRAIL, 6192600
Attorney at Law
321 West State St., Suite 602
Rockford, IL 61101
(815) 961-8770
mcgraillaw@sbcglobal.net

3